NOTICE

Decision filed 08/11/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250326-U

NO. 5-25-0326

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 05-CF-832 |
| | ) | |
| LERON O. WILBORN, | ) | Honorable |
| | ) | Leah A. Captain, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOLLINGER delivered the judgment of the court.
Presiding Justice Cates and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where defendant failed to make a *prima facie* showing of cause that impeded defendant's ability to raise his present claims during earlier proceedings, and where some of his claims were barred by *res judicata*, the trial court did not err in denying defendant leave to file his second successive postconviction petition. Because no argument to the contrary would have arguable merit, this court grants appellate counsel leave to withdraw, and affirms the judgment of the trial court.

¶ 2    Defendant, Leron O. Wilborn, appeals the judgment of the circuit court of St. Clair County that denied his *pro se* motion for leave to file his second successive postconviction petition. Defendant's appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks arguable merit, and on that basis, OSAD has filed a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a supporting memorandum of law. OSAD served defendant with notice. This court provided

1

defendant the opportunity to file a written response to OSAD's motion. Defendant has filed a response. This court has examined and considered OSAD's *Finley* motion and memorandum of law, defendant's response, and the record on appeal. This court concludes that OSAD is correct that this appeal lacks arguable merit. Accordingly, we grant OSAD leave to withdraw as counsel, and we affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4     The factual basis for defendant's convictions and sentences is set forth in detail in this court's disposition of defendant's most recent appeal in this case. *People v. Wilborn*, 2023 IL App (5th) 220112-U. Following a trial by jury, defendant was convicted of two counts of first degree murder, for killing his wife and her friend. *Id.* ¶ 5. He was sentenced to two consecutive terms of natural life in prison. *Id.* On direct appeal, defendant argued that the trial court abused its discretion when it refused to instruct the jury on involuntary manslaughter, and further argued that his natural-life sentences could not run consecutively. *Id.* ¶ 6. We rejected the first argument, but agreed with the second one. *Id.* Accordingly, we modified his sentences to run concurrently, and otherwise affirmed the trial court. *Id.*

¶ 5     In June of 2008, defendant sought relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2006)). *Id.* ¶ 8. He claimed that his trial counsel was ineffective because counsel failed to hire a crime-scene expert to explore the possibility that the police had tampered with the victims' bodies at the scene. *Id.* He further alleged that his counsel on direct appeal was ineffective for failing to argue trial counsel's ineffectiveness with regard to the above issue. *Id.* In addition, defendant claimed trial counsel was ineffective because counsel failed to explain to him that an involuntary manslaughter instruction would be incompatible with defendant's theory of self-defense, and he further claimed that trial counsel advised him to decline

2

a second degree murder instruction. The trial court dismissed defendant's petition. *Id.* On appeal, we affirmed the dismissal, concluding that the petition failed to state the gist of a constitutional claim. *Id.*

¶ 6     In December of 2021, defendant filed *pro se* a motion for leave to file his first successive postconviction petition. *Id.* ¶ 10. In a section of the motion he entitled "demonstration of cause and prejudice," defendant alleged that he was taking psychotropic drugs during 2005 and 2006, and that he was not given a fitness hearing despite his taking those drugs and despite his preexisting "mental retardation" and personality disorder. *Id.* He alleged the following five substantive claims: (1) from pretrial through sentencing, his use of psychotropic medication rendered him unable to assist in his own defense; consequently, trial counsel was ineffective for failing to request a fitness hearing after he learned of the medication, and the trial court failed to inquire into the fitness issue after it received a presentence investigation report that referred to his taking that medication; (2) his due process rights were violated because he was not given a fitness hearing despite his taking the medication, which raised a *bona fide* doubt as to his fitness; (3) the undisputed facts in the record showed that he was taking the medication at the times he was tried and sentenced, and further showed that he suffered from "mental retardation," alcohol dependency, and personality disorder with anti-social features, all of which rendered him unfit to be tried or sentenced, and therefore required the trial court to hold a fitness hearing; (4) because defense counsel failed to investigate and discover that defendant was taking psychotropic medication during trial, counsel was ineffective when he failed to request the fitness hearing to which defendant was entitled; and (5) defendant was deprived of due process by being put on trial while he was unfit, which meant that the case must be remanded for a determination of defendant's "moral culpability in light of his mental retardation." *Id.* ¶ 11.

3

¶ 7     The trial court denied defendant's motion, reasoning that because defendant did not explain why he did not raise the claims in 2008, in his initial postconviction petition, defendant could not satisfy the cause element of the cause-and-prejudice test for successive postconviction petitions. *Id.* ¶ 13. Defendant's counsel on appeal, OSAD, filed a motion to withdraw, alleging that there were no issues of arguable merit that OSAD could raise on appeal. *Id.* ¶ 17. OSAD narrowed defendant's five proposed claims to two potentially-meritorious claims: whether (1) defendant's "mental retardation" rendered his life sentences unconstitutional, and (2) defendant received ineffective assistance of trial counsel where counsel did not request a fitness hearing on the basis of defendant's use of psychotropic medication at the time of his trial. *Id.* ¶ 19. OSAD argued that defendant could not demonstrate prejudice with regard to either potential claim. *Id.*

¶ 8     We agreed, noting that pursuant to precedent from the Illinois Supreme Court, a defendant's intellectual disability does not, by itself, render a natural-life prison sentence unconstitutional, and that because there was no evidence in the record of a *bona fide* doubt as to defendant's fitness, trial counsel was not required to request a fitness hearing simply because of defendant's use of psychotropic medication. *Id.* ¶¶ 20-23. We therefore granted OSAD's motion for leave to withdraw, and we affirmed the trial court's judgment denying defendant's motion for leave to file his first successive postconviction petition. *Id.* ¶ 25.

¶ 9     On October 31, 2023, defendant filed *pro se* the motion for leave to file a second successive postconviction petition (motion) that is the subject of this appeal. In the motion, defendant first claimed that he was not fit to stand trial because he "was diagnosed as Mentally Retarded, Personality Disorder, Learning Disorder and Anti Social Features." Defendant next claimed that rules regarding waiver should not be applied to him, because trial counsel failed to raise and preserve this issue for him, and therefore was ineffective. As "evidentiary facts," defendant sought

4

to incorporate all facts found in his court files, as well as from an affidavit he alleged he was filing with the motion. In the "cause and prejudice" section of the motion, defendant claimed that his mental disabilities prevented him from knowing how to raise his claims in his initial postconviction petition. He also claimed his mental disabilities prevented him, during his 2006 trial, from understanding that the second degree murder jury instruction he refused could have allowed the jury to convict him of a lesser offense. He contended that trial counsel knew he was taking psychotropic medication, and counsel should have requested a fitness hearing, especially after defendant made an "irrational decision to refuse to accept the second degree murder jury instruction." Defendant filed with the motion seven exhibits—labeled as exhibit A through exhibit G—all of which appear to comprise mental health evaluations and determinations made in 2004 and 2005. He did not file the affidavit he alleged he would file.

¶ 10    On March 3, 2025, the trial court entered an order in which it denied the motion. The trial court stated that the claims raised in the motion were "essentially *** the same claims" defendant raised in his first successive postconviction petition, with the exception of the new claim that his mental disabilities prevented him from knowing how to raise his claims in his initial postconviction petition. The trial court concluded that even if defendant could show cause for failure to raise some claims earlier, he could not show prejudice with regard to any of his claims. Defendant filed a motion to reconsider, which the trial court denied. This timely appeal followed.

¶ 11                              II. ANALYSIS

¶ 12    In the legal memorandum that accompanies its *Finley* motion to withdraw, OSAD notes the following potential issue: whether the trial court erred by denying the motion. However, OSAD concludes the trial court did not err, and that, accordingly, this potential issue lacks arguable merit. For the following reasons, we agree.

5

¶ 13    The Act provides a mechanism by which a criminal defendant may challenge the defendant's conviction by filing a petition for relief in the trial court. 725 ILCS 5/122-1 (West 2022). The Act allows a defendant to assert that there was a substantial denial of the defendant's federal or state constitutional rights in the proceedings that resulted in the defendant's conviction or sentence. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). "A postconviction proceeding is a collateral proceeding, rather than an appeal of the underlying judgment, and therefore it allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal." *People v. Terry*, 2016 IL App (1st) 140555, ¶ 32. Consequently, issues that were adjudicated on direct appeal—or in a previous collateral proceeding—are barred by the doctrine of *res judicata*. *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002). Moreover, "any claim not presented in an initial postconviction petition or amended petition is waived." *Terry*, 2016 IL App (1st) 140555, ¶ 32. Broad, conclusory allegations are not permissible under the Act. *People v. Delton*, 227 Ill. 2d 247, 258 (2008). In addition, a petition filed under the Act must have attached affidavits, records, or other evidence supporting its allegations, or must state why they are not attached. 725 ILCS 5/122-2 (West 2022).

¶ 14    The Act contemplates the filing of only one postconviction petition. *Id.* § 122-1(f). "[S]uccessive postconviction petitions are highly disfavored." *People v. Bailey*, 2017 IL 121450, ¶ 39. If a defendant desires to file a successive postconviction petition after the defendant's initial petition is dismissed or denied, the defendant must request leave of court before filing it. 725 ILCS 5/122-1(f) (West 2022). Unless a defendant asserts a claim of actual innocence, the trial court will grant the defendant leave only if the defendant satisfies the cause-and-prejudice test. *Id.*; *People v. Montanez*, 2023 IL 128740, ¶ 77. To establish "cause" under the cause-and-prejudice test, a defendant must identify an objective factor, external to the defense, that impeded the defendant's

6

ability to raise a specific claim during the defendant's initial postconviction proceeding. 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77. To establish "prejudice," a defendant must demonstrate that the claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process. 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77.

¶ 15 The cause-and-prejudice test is a more exacting standard than the gist-of-a-claim standard trial courts use to review initial postconviction petitions at the first stage of proceedings. *People v. Conick*, 232 Ill. 2d 132, 142 (2008). A defendant must make a *prima facie* showing of cause and prejudice in order to be granted leave, before any further proceedings on the defendant's claims can occur. *Bailey*, 2017 IL 121450, ¶ 24. A defendant cannot obtain leave of court unless the defendant satisfies each of the two elements of cause and prejudice; it is not sufficient to establish only one element. *People v. Guerrero*, 2012 IL 112020, ¶ 15. Leave should be denied when it is clear, from a review of the successive petition and the documentation submitted by the defendant, that the claims alleged by the defendant fail as a matter of law, or where the successive petition, with its supporting documentation, is insufficient to justify further proceedings. *People v. Griffin*, 2024 IL App (1st) 191101-C, ¶ 30. This court reviews *de novo* the trial court's decision—based upon the failure of a defendant to make a *prima facie* showing of cause and prejudice—to deny the defendant's motion for leave to file a successive postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 39. We may affirm on any basis supported by the record because the question before us is the correctness of the result reached by the trial court, not the correctness of its reasoning in reaching that result. See, *e.g.*, *People v. Johnson*, 208 Ill. 2d 118, 128-29 (2003).

¶ 16 In this case, we agree with OSAD that defendant's claims are without arguable merit because they are barred by *res judicata*, or because defendant has not made a *prima facie* showing

of cause for failure to bring them in earlier proceedings. In the motion, defendant first claimed that he was not fit to stand trial because he "was diagnosed as Mentally Retarded, Personality Disorder, Learning Disorder and Anti Social Features." However, as OSAD correctly notes, the issue of defendant's fitness to stand trial was raised generally in both his original postconviction petition and his motion for leave to file his first successive postconviction petition. To the extent he attempted to raise those same issues again in the motion, he was barred by *res judicata* from doing so. *Pitsonbarger*, 205 Ill. 2d at 458 (issues that were adjudicated on direct appeal—or in a previous collateral proceeding—are barred by the doctrine of *res judicata*).

¶ 17    In his response to OSAD's motion to withdraw, defendant suggests that in the motion he attempted to raise new allegations of unfitness, arguing, in essence, that "personality disorder" is separate from other intellectual disabilities, and thus his new claims are more broad than his previous unfitness claims. We find this distinction to be irrelevant. Although in the "cause and prejudice" section of the motion, defendant claimed that his mental disabilities prevented him from knowing how to raise these new claims in his 2008 initial postconviction petition, he did not allege that his mental disabilities prevented him from knowing how to raise the new claims in his 2021 motion for leave to file his first successive postconviction petition. Accordingly, he failed to make a *prima facie* showing of cause why he could not have brought his allegedly new claims in his motion for leave to file his first successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77; *Bailey*, 2017 IL 121450, ¶ 24.

¶ 18    Defendant also claimed in the motion that his mental disabilities prevented him, during his 2006 trial, from understanding that the second degree murder jury instruction he refused could have allowed the jury to convict him of a lesser offense. However, he did not claim that his mental disabilities prevented him from understanding these things at the time he filed his initial

8

postconviction petition, or at the time he filed his motion for leave to file his first successive postconviction petition. Accordingly, defendant failed to make a *prima facie* showing of cause why he could not have raised this issue in those collateral proceedings. See 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77; *Bailey*, 2017 IL 121450, ¶ 24.

¶ 19    Defendant further contended that trial counsel knew he was taking psychotropic medication, and counsel should have requested a fitness hearing, especially after defendant made the "irrational decision to refuse to accept the second degree murder jury instruction." To the extent this contention attempted to raise claims that have already been adjudicated, the contention was barred by *res judicata*. *Pitsonbarger*, 205 Ill. 2d at 458 (issues that were adjudicated on direct appeal—or in a previous collateral proceeding—are barred by the doctrine of *res judicata*). To the extent the contention attempted to raise an entirely new claim, defendant did not explain, in any way, why he could not have brought this contention in an earlier proceeding. Accordingly, he failed to make a *prima facie* showing of cause as to why he could not have brought this allegedly new claim in an earlier proceeding. See 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77; *Bailey*, 2017 IL 121450, ¶ 24.

¶ 20                                    III. CONCLUSION

¶ 21    For the foregoing reasons, the trial court did not err in denying defendant's *pro se* motion for leave to file his second successive postconviction petition. No argument to the contrary would have arguable merit. Accordingly, we grant OSAD leave to withdraw as counsel, and we affirm the trial court's judgment.


¶ 22    Motion granted; judgment affirmed.